FILED

2020 Aug-10  AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOLENE GUNTER HASTINGS, as the Administrator of the Estate of Kathleen Taylor Gunter, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case Number: 2:20-cv-00002-JHE |
| | ) | |
| v. | ) | |
| | ) | |
| ADVANCED CORRECTIONAL HEALTHCARE, INC., et al., | ) ) | |
| Defendants. | | |

## MEMORANDUM OPINION[1]

Plaintiff Jolene Gunter Hastings ("Hastings" or "Plaintiff") moves for Entry of Final Judgment or Reinstatement Pursuant to Federal Rule of Civil Procedure 54(b).  (Doc. 38).   The motion is fully briefed and ripe for review.  (Docs. 38, 40).  For the reasons stated below, the motion (doc. 38) is **GRANTED IN PART AND DENIED IN PART**.

### I. Procedural History

Hastings, as Administrator of the Estate of Kathleen Taylor Gunter ("Gunter"), initiated this action against the following defendants: Advanced Correctional Healthcare, Inc. ("ACH"), Deputy Marlee Bell, Deputy Kimberly Holmes, Deputy Katelyn Payne, Sergeant Terry Scott, Nurse Kathy Gay ("Gay"), Nurse Sara Gardiner ("Gardiner"), Deputy Talia Russell, Former Jefferson County Sheriff Mike Hale, and Jefferson County, Alabama.  (Doc. 1).  Hastings' complaint asserts the following claims: (Count 1) Violation of the Alabama Medical Liability Act against defendant ACH (*id.* at 9-13); (Count 2) Deliberate Indifference to Medical Needs

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 28).

(Fourteenth Amendment) Pursuant to 42 U.S.C. §1983 (direct liability) against defendants Nurse Gay, Nurse Gardiner, Deputy Bell, Deputy Russell, Deputy Payne, and Deputy Holmes (*id.* at 13-19); (Count 3) Deprivation of Life Without Due Process (Fourteenth Amendment) Pursuant to 42 U.S.C. § 1983 against all defendants (*id.* at 19-21); (Count 4) State Law Negligence against defendant ACH (*id.* at 21-22); (Count 5) State Law Negligence against defendant Jefferson County, Alabama (*id.* at 22-24).  (Count 6) Supervisor Liability Claim Pursuant to 42 U.S.C. § 1983 against defendants Sgt. Scott and Former Sheriff Hale (*id.* at 24-27); (Count 7) State Law Wantonness against defendant ACH (id. at 27-28); (Count 8) State Law Respondeat Superior/Vicarious Liability against ACH (*id.* at 28-29).  All of these claims are based on Gunter's death-by-suicide, which occurred one day after she was booked into the Jefferson County Jail. (*See* doc. 1).

Defendants ACH and Nurse Gay moved to dismiss all claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Doc. 17). Separately, defendant Nurse Gardiner moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  (Doc. 34).  The undersigned determined that Hastings failed to state a claim against Defendants ACH, Gay, and Gardiner, and granted their motions to dismiss pursuant to Rule 12(b)(6) (docs. 17 & 34).  (Doc. 37).

## II. Analysis

### A.  Entry of Final Judgment Pursuant to Rule 54(b)

Pursuant to Rule 54(b), the court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Otherwise, an adjudication of fewer than all the claims or the rights and liabilities of all the parties is not an appealable final decision. *In re Southeast Banking Corp.*, 69

F.3d 1539, 1547 (11th Cir.1995) (purpose of Rule 54(b) is to prohibit piecemeal appeals). The Supreme Court has outlined a two-prong analysis for determining whether a judgment should be certified under Rule 54(b). *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). First, the district court must determine whether the judgment is final. Second, the court must determine whether there is any just reason to delay entry of an individual final judgment. *See, e.g., In re S.E. Banking Corp.*, 69 F.3d at 1546; *Canadyne–Ga. Corp. v. Bank of Am.*, No. 5:96–CV–114–1(DF), 2001 WL 1571002, *1 (M.D. Ga. Dec.5, 2001). While the district court is authorized to certify a judgment under Rule 54(b) in the sound exercise of its discretion, the Eleventh Circuit has cautioned that Rule 54(b) certifications should be reserved for those cases "in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir.1997) (per curiam) (quoting *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir.1981) (Kennedy, J.)).

### 1.   Is the Judgment Final?

Thus, when determining whether it will enter final judgment under Rule 54(b), "[a] district court must first determine whether it is dealing with a 'final judgment.'"   In this case, the undersigned dismissed all causes of action against Defendants ACH, Gay, and Gardiner.   (Doc. 37).   A complete grant of dismissal against select parties to a multi-party civil action is a final judgment against those parties, within the meaning of Rule 54(b).   *See Franklin v. Dana Holding Corp.*, No. 2:11-cv-2731-VEH-SCG, 2016 WL 125357, at *4 (N.D. Ala. Jan. 12, 2016) (quoting *In re Southeast Banking Corp.*, 69 F.3d 1539, 1550 (11th Cir. 1995)).   This requirement is satisfied.

**2.   Is There Any Just Reason to Delay Entry of This Final Judgment?**

Having found that the decision was a final judgment, the next step is to determine whether there is no "just reason for delay" in certifying it as final and immediately appealable.  *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).  This requires the district court to balance "judicial administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).  Consideration of the first factor is necessary to ensure that the application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."  *Id.* (citations omitted).  The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay.  *Id.* (citation omitted).

Defendants ACH, Gay, and Gardiner do not object to the entry of final judgment pursuant to Rule 54(b).  (Doc. 40 at 2).  However, the court must nevertheless determine there is no just reason for delay before entry of final judgment.

Hastings argues that the remaining claims are legally distinct from the medical negligence claim against ACH, but factually intertwined with the dismissed 42 U.S.C. § 1983 claims.  (Doc. 38 at 3).  According to Hastings, the court dismissed her medical negligence claims based on the reasoning that nothing in the decedent's "medication history or behavior at the jail that was known to ACH, Nurse Gay or Nurse Gardiner, would place ACH on notice that Gunter was a suicide risk or that her suicide was foreseeable."  (*Id.* at 3) (citing doc. 37, pp. 11-12).  Hastings asserts that this reasoning resulted in a conclusion as to the ultimate lack of foreseeability of the decedent's suicide prior to the discovery of specific facts and evidence concerning that issue.  (*Id.*).  Hastings asserts that she anticipates discovery conducted in the remaining case will demonstrate that the decedent's actions were entirely foreseeable and thus the claims should not have been dismissed

4

at the motion to dismiss stage when foreseeability was an issue.  (Doc. 38 at 3-4).

Hastings also argues discovery implicating the subjective or objective foreseeability as to the dismissed defendants may produce trial results that are inconsistent with such discovery and that may implicate the dismissed defendants.  (Doc. 38 at 4).  Specifically, Hastings asserts that, if evidence arises in discovery that implicates the dismissed defendants' knowledge or reason to believe that the decedent posed an imminent suicide risk, the case could be subjected to an appeal that leads to the duplication of discovery efforts and even trial, at the cost of great time and expense to the litigants. (*Id.*).

As the undersigned explained in the memorandum opinion at issue, "[w]hile this proposition is true – that ordinarily, foreseeability is a question of fact for the jury – this argument, alone, does not support denial of the motion.  It is axiomatic that, when foreseeability must be proven at trial, a plaintiff must make sufficient allegations to support an inference of foreseeability to survive a motion to dismiss." (Doc. 37 at 7).  Notably, as explained in the memorandum opinion, "for AMLA claims, such as this one, a plaintiff must plead "a detailed specification and factual description of each act and omission alleged by plaintiff to render the healthcare provider liable to the plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts." ALA. CODE § 6-5-551 (1975).  Furthermore, "[a]ny complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted." (*Id.*). (*Id.* at 7-8).  The undersigned applied a similar foreseeability analysis to Hastings' allegations of deliberate indifference (*id.* at 11-13).

Considering the foregoing, the undersigned finds there is no just reason for delaying entry of final judgment.  Hastings wishes to immediately appeal the determination that her complaint

contains insufficient allegations of foreseeability regarding the medical defendants. While doing so could theoretically create somewhat of a piecemeal appeal, this appeal would be confined to determining whether there were sufficient allegations of foreseeability in the complaint as to the medical defendants. These are the only claims asserted against the medical defendants and are not being considered with the remaining claims. Additionally, if the appellate court finds sufficient allegations of foreseeability, an immediate appeal could help prevent inconsistent results. This constitutes a pressing need for an early and separate judgment. Based on these considerations, there is no just reason for delaying the entry of a final judgment.

### B. Reinstatement Pursuant to Rule 54(b)

To the extent Hastings seeks to reinstate the dismissed defendants for purposes of discovery, the motion is **DENIED**. Hastings fails to explain why this reinstatement is necessary to conduct discovery as to the remaining claims. Discovery is readily available from non-parties pursuant to Federal Rules of Civil Procedure 45 and 30.

Under Federal Rule of Civil Procedure 54(b), district courts have the discretion to reconsider interlocutory orders at any time before final judgment. *See Watkins v. Capital City Bank*, No. CV 310-087, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012). Although the text of Rule 54(b) does not specify a standard by which courts evaluate motions, courts in the Eleventh Circuit "have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." *Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC*, No. 07-22735-CIV, 2008 WL 5691349, at *2 (S.D. Fla. Mar. 14, 2008). Because reconsideration "is an extraordinary remedy to be employed sparingly," the movant "must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision."

*Burger King Corp v. Ashland Equities, Inc*., 181 F. Supp. 2d 1366, 1369, 1370 (S.D. Fla. 2002). "A motion for consideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented" before the original decision. *S.E.C. v. Mannion*, No. 1:10-cv-3374-WSD, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013).

Hastings fails to point to any basis for reconsidering the order granting the motions to dismiss. At most, Hastings offers speculation about what some future unnamed expert might testify to concerning alleged breaches of the standard of care. (*See* doc. 38). This is not "newly discovered evidence." Likewise, Hastings has not argued that there is any intervening change in controlling law or that the court's order granting dismissal of the medical defendants was clear error and that reconsideration is necessary to prevent manifest injustice. Hastings has failed to meet the Rule 54(b) standard for reconsideration. To the extent Hastings' motion seeks reconsideration, it is **DENIED**.

### III. Conclusion

For the reasons stated above, Hastings' motion for Entry of Final Judgment or Reinstatement Pursuant to Federal Rule of Civil Procedure 54(b) (doc. 38) is **GRANTED IN PART AND DENIED IN PART**. A separate order will be entered.

DONE this 10th day of August, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE